JS 44 (Rev. 07/16)

CDJ 16-CV-4334

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
BLATMAN, Margaret G.

**DEFENDANTS**
The Lincoln National Life Insurance Company

16 4334

**(b)** County of Residence of First Listed Plaintiff: Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: ______
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Edmunds J. Brokans, Esquire
1111 Oxford Circle
Lansdale, PA 19446
215-206-0710
brokans @ aol.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☒ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
29 USC 1132(a)(1)(B) and (a)(3)

Brief description of cause:
ERISA - Improper Termination of Long-Term Disability Benefits

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** TBD

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE ______ DOCKET NUMBER ______

AUG 10 2016

DATE: 08/10/2016

SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

CDJ UNITED STATES DISTRICT COURT 16 4334

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: MARGARET G. BLATMAN = 211 BROOKSIDE RD, NORRISTOWN PA 19401

Address of Defendant: LINCOLN = 8801 INDIAN HILLS DR, OMAHA NE 68114

Place of Accident, Incident or Transaction: MONTGOMERY COUNTY, PA
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☒

Does this case involve multidistrict litigation possibilities? Yes☐ No☒

*RELATED CASE, IF ANY:*
Case Number: ______ Judge ______ Date Terminated: ______

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes☐ No☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes☐ No☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes☐ No☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
(Please specify) ERISA

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) ______

## ARBITRATION CERTIFICATION
(*Check Appropriate Category*)

I, ______, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 8-10-16 [signature] Attorney-at-Law PA 34373 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

AUG 10 2016

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 8-10-16 [signature] Attorney-at-Law PA 34373 Attorney I.D.#

CIV. 609 (5/2012)

CDJ IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

MARGARET G. BLATMAN : CIVIL ACTION

v. :

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY : NO. 16 4334

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| 8-10-16 | [signature] | PLAINTIFF |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-206-0710 | 215-661-1189 | BROKANS@AOL.COM |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

AUG 10 2016



CDJ

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARGARET G. BLATMAN<br>211 Brookside Road<br>Norristown, PA 19401<br><br>vs.<br><br>THE LINCOLN NATIONAL LIFE<br>INSURANCE COMPANY<br>8801 Indian Hills Drive<br>Omaha, NE 68114 | : | NO.<br>16 4334 |

**COMPLAINT – CIVIL ACTION - ERISA**

Plaintiff alleges:

**TYPE OF ACTION**

1. This is an action brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, to contest the unjustified and erroneous premature termination of benefits to Plaintiff by Defendant, The Lincoln National Life Insurance Company ("Lincoln") under a Group Long-Term Disability Insurance Policy issued to the County of Montgomery, Pennsylvania (the "Plan"). Plaintiff had been receiving disability benefits since September of 2013 and, although her condition did not improve and would ultimately necessitate a hip replacement in October of 2014, Lincoln wrongly terminated her benefits as of May 19, 2014.

**PARTIES**

2. Plaintiff Margaret (Meg) G. Blatman is a citizen of the Commonwealth of Pennsylvania, residing in Norristown, Montgomery County, Pennsylvania.

3. The Plan was established and is maintained by Defendant Lincoln for the benefit of employees of the County of Montgomery, Pennsylvania – including Plaintiff – under Group Policy No. 000010135317.

4. Defendant Lincoln is a corporation with its principal place of business at its Group Insurance Service Office in Omaha, Nebraska.

**JURISDICTION AND VENUE**

5. The Plan is an "employee welfare benefit plan" or a welfare plan" subject to ERISA, including its civil enforcement provisions. ERISA Sections 3(1), 3(3), 4(a), 502(a)(1)(B), and (a)(3), 29 U.S.C. Sections 1002(1), (3), 1003(a), 1132(a)(1)(B), and (a)(3).

6. This Court has jurisdiction of this action pursuant to 28 U.S.C. Section 1331, and pursuant to Sections 502(a)(1)(B) and (a)(3) of ERISA 29 U.S.C. Sections 1132(a)(1)(B), (a)(3), (e)(1) and (g).

7. Venue is appropriate pursuant to ERISA Section 502(e)(2), 29 U.S.C. Sections 1132(e)(2), because, inter alia, the breach that is the subject of this lawsuit took place in this district.

**CAUSE OF ACTION:**
**IMPROPER TERMINATION OF LONG-TERM DISABILITY BENEFITS**

8. Plaintiff repeats and realléges paragraphs one through seven of this Complaint as if fully set forth here.

9. Coverage under the Plan was provided by Lincoln to Plaintiff Blatman as an employee of the County of Montgomery, Pennsylvania, and she has at all times complied with all relevant terms and obligations of the Plan.

10. At the time Plaintiff Blatman's disability commenced, she was employed as a Support Conciliator in Montgomery County's domestic relations department, a quasi-judicial job which required constant physical activity.

11. Plaintiff Blatman's disability arose from two falls during an outpatient visit at Einstein Hospital in January of 2013, resulting in injuries to her knees and hip. Because the continuing pain built up to the point where she could not walk or sit to be able to perform her job duties, Plaintiff Blatman went on disability leave on June 13, 2013.

12. Plaintiff Blatman submitted a Long-Term Disability Claim to Lincoln dated August 10, 2013, and was approved for benefits by Lincoln beginning September 16, 2013.

13. Although Plaintiff Blatman's condition had not improved despite regular medical treatment since August of 2013 and she continued to suffer pain while walking or sitting, by letter dated May 20, 2014 Lincoln abruptly terminated Plaintiff Blatman's disability benefits beyond May 19, 2014, asserting she was now able to perform the main duties of her occupation, even though nothing had changed since benefits were originally approved in the summer of 2013.

14. Plaintiff Blatman filed an administrative appeal to Lincoln on September 23, 2014 of its termination of her benefits on beyond May 19, 2014. In support of her appeal, Plaintiff relied, inter alia, on:

a) A consultation by Dr. Charles Nelson of the University of Pennsylvania Health System on August 29, 2013, documenting that since her fall in January of 2013, Plaintiff Blatman "has had progressively increasing right hip pain which has been unresponsive to conservative management, ... a course of physical therapy, [and] a

corticosteroid injection into her hip.... She says her pain is all the time, abut it is worse when she is sitting."

b) Dr. Zach Broyer's Progress Note on May 8, 2014, documenting that Plaintiff Blatman's "Pain is a 6 to 10. It is worse sitting and walking.... Sleep is interrupted due to pain."

c) Dr. William Hozack's Consultation on June 17, 2014, documenting that Plaintiff Blatman has "hip pain which is severe in quality [and] significantly limits activities of daily living. Walking tolerance is reduced.... Pain and restriction of function are intolerable at this time.... Due to the level and length of the patient's pain, conservative treatment measures such as physical therapy, corticosteroid injections and/or viscosupplementation injections would not provide any significant long term benefit." Hip replacement surgery was recommended.

d) A subsequent Progress Note by Dr. Broyer on July 17, 2014 documenting that Plaintiff Blatman "in now having neck pain, and she does have mid back pain. It is constant, aching, burning, throbbing, and sharp, 6 to an 8 in the low back and 10 in the neck and mid back. It is worse sitting and standing. Best lying supine.... Sleep is interrupted due to pain."

e) At Lincoln's request, Dr. Broyer prepared an "Attending Physician's Statement – Disability" on October 8, 2014 documenting that Plaintiff Blatman is "totally disabled" both for "Patient's Job" and "Any other work."

f) Finally, at Lincoln's request, Dr. Hozack also prepared an "Attending Physician's Statement – Disability" on October 24, 2014 – following Plaintiff Blatman's hip replacement surgery – documenting that her condition was "Unchanged" and she

had a Class 4 (highest) Physical Impairment, with Severe limitation of functional capacity; incapable of minimum (sedentary) activity."

15. Although the totality of medical documentation by the doctors who had been examining Plaintiff Blatman – without exception – dispositively affirmed that – both before and after Lincoln's termination of disability benefits – Plaintiff Blatman was suffering severe pain sitting, walking and standing, thus rendering her incapable of performing her regular job duties as a Custody Conciliator at least until she recovered from the hip replacement surgery, on July 23, 2015 Lincoln denied Plaintiff Blatman's appeal, leaving May 19, 2014 as the effective date of benefit termination.

16. The plain and unmistakable error in Lincoln's July 23, 2015 appeal denial is that all relevant medical documentation substantiated that Plaintiff Blatman was clearly totally disabled beyond May 19, 2014, at least until it was determined whether the hip replacement surgery in October of 2014 was successful. Lincoln's refusal and failure during the administrative appeal to extend disability benefits from May 19, 2014 to at least after Plaintiff Blatman had recovered from her hip replacement surgery is an egregious breach of Lincoln's obligations to its insured.

17. On January 22, 2016, Plaintiff Blatman requested a final administrative review of Lincoln from its July 23, 2015 appeal denial, highlighting the about medical evidence. By letter dated March 22, 2016, however, Lincoln refused to reconsider its original decision to terminate Plaintiff Blatman's disability benefits beyond May 29, 2014 – four-plus months before she underwent her hip replacement surgery – relying instead on an old, superseded job classification by the Department of Labor, and its consultant's convenient but totally unsupportable implication – without examining

Plaintiff Blatman – that she could perform her job duties because her admitted "impairment" did not prevent her from sitting, standing, and walking without severe pain.

18. Lincoln's refusal to extend disability benefits past May 19, 2014 – to at least after Plaintiff Blatman's October 2014 hip replacement surgery – was erroneous, against the weight of the evidence, in violation of the terms of the Plan, and arbitrary and capricious.

19. Despite the evidence submitted in support of Plaintiff Blatman's request for review, Lincoln has failed to make a determination on her appeal or to otherwise overturn or at least revise the effective date of its termination of benefits, which failure is erroneous, against the weight of the evidence, in violation of the terms of the Plan, and arbitrary and capricious.

20. But for Lincoln's improper termination of benefits on May 29, 2014, Plaintiff Blatman was entitled to continue receiving disability benefits under the Plan, and has been damaged by the amount of unpaid monthly disability benefits she would have received through the date of this Complaint and until the date of judgment.

**PRAYER**

Plaintiff Margaret (Meg) G. Blatman demands judgment:

A. On her cause of action against Defendant The Lincoln National Life Insurance Company, awarding her the monthly disability benefits to which she was entitled since May 19, 2014, when her benefits were wrongfully terminated, with pre-judgement interest from the accrual date of each benefit payment;

B. Reinstating Plaintiff Blatman's monthly disability benefits until and unless it is substantiated that her hip replacement surgery and/or other medical treatment has successfully eliminated her disability and she is able to return to her normal job duties; and

C. Together, with interest, reasonable attorney's fees and costs of this action, and such other, further and different relief as the Court deems just, proper and equitable.

DATED: August 10, 2016

Respectfully submitted,

/s/ Edmunds J. Brokans
Edmunds J. Brokans, Esquire
PA Attorney ID No. 34373
Member, U.S.E.D. Pa. Bar
1111 Oxford Circle
Lansdale, PA 19446
215-206-0710
brokans @ aol.com

and

Marguerite M. Nocchi, Esquire
Attorney ID No. 60057
206 South Broad Street, Rear
Lansdale, PA 19446
215-661-1188
mnocchi @ nocchilaw.com

Attorneys for Plaintiff
Margaret (Meg) G. Blatman